Rettig v. Newman *et al.*

Filed Jan. 6, 1885.

---

No. 11,459.

### Rettig v. Newman et al.

PLEADING.—*Practice.*—*Amendment.*—Upon the trial of an action for partition it is not error to permit the defendants, at the close of the evidence, to amend their answer by the addition of words which contain no new fact, but merely modify the terms of the prayer.

From the Miami Circuit Court.

*J. L. Farrar, J. Farrar, W. C. Farrar* and *J. T. Cox,* for appellant.

*H. J. Shirk, J. Shirk, J. M. Brown* and *N. H. Antrim,* for appellees.

BLACK, C.—The appellant sued the appellees for partition of certain land in Miami county.    The defendants answered jointly, admitting that they and the plaintiff were tenants in common of said real estate, each holding the undivided interest specified in the complaint, and alleging that the undivided interest of the plaintiff could not be set off to him in severalty, as in the complaint asked, without great injury to the defendants, facts being stated at considerable length, upon which it was claimed that it would be impossible to set off the interest of the plaintiff and that of the defendants, or the

Rettig *v.* Newman *et al.*

interest of either of them, or any several interest; that such a division would destroy the property for the use for which it had been prepared at great expense. Prayer that the property be found and adjudged to be indivisible without manifest injury to the defendants, and that a commissioner be appointed to sell it and to divide the proceeds among the parties.

The plaintiff replied by general denial. The cause was tried by the court. At the close of the evidence the defendants, by leave of court, over the objection of the plaintiff, amended said answer by inserting upon the margin thereof the following: "And they, said defendants, ask that they have partition of their several interests therein, as aforesaid."

The court found that the plaintiff and the defendants were the owners in fee and tenants in common of said real estate, specifying the shares of the parties as they were stated in the complaint, and that partition ought to be made. Thereupon it was adjudged that partition be made by setting off to each party his share in value. It was further found that the real estate could not be divided and set off in severalty without great injury. And the court appointed a commissioner to sell the real estate, approved his bond, and made an order of sale.

A motion for a new trial was made by the plaintiff, and was overruled. This action of the court is assigned as error.

It is insisted that the court erred in permitting the amendment of the answer, it being contended that thereby a new issue was introduced. No new facts were alleged by the additional words; there was simply a modification of the terms of the prayer. The plaintiff was seeking to have his share of the land set off to him in severalty. The parties were in agreement as to their several shares in the property. The defendants could not have their shares of the land set off to them in severalty without the plaintiff's obtaining the object of his suit. The question of partition of the land between the defendants was one which could not affect that of the right of the plaintiff to have his own individual share set off to him. The judgment ordering the sale of the whole

property, from which the appeal was taken, was responsive to the prayer of the answer as it was before the amendment. We can not see how the plaintiff was injured by the amendment, which, but for the purpose of answering the earnest contention of the appellant, would not seem to deserve much notice.

There was evidence fully supporting the finding, which was not contrary to law.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the apppellant's costs.

